Dismissed and
Memorandum Opinion filed September 13, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00735-CR

____________

 

CORDELL HINES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1278982

 

 

 



M E M O R
A N D U M   O P I N I O N

            Appellant entered a guilty plea to murder. On July 11, 2011,
the trial court sentenced appellant to confinement for thirty-eight years in
the Institutional Division of the Texas Department of Criminal Justice. No
timely motion for new trial was filed. Appellant’s pro se notice of appeal was
not filed until August 16, 2011.

            A defendant’s notice of appeal must be filed within thirty days
after sentence is imposed when the defendant has not filed a motion for new
trial. See Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies
with the requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998). If an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal. Under those circumstances it
can take no action other than to dismiss the appeal. Id.

Appellant's notice of appeal was due August 10, 2011. The
record reflects appellant executed his notice of appeal “8–11–11.” The envelope
is postmarked August 12, 2011. Even if we considered these dates, none are
timely.

Although the date of filing is within fifteen days after the
deadline, no motion for extension of time was filed. See
Tex. R. App. P. 26.3. In a criminal case, a late notice of appeal will not invoke our
jurisdiction unless a motion for extension of time is also
filed within fifteen days of the last day allowed for filing the notice of appeal. Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App.1996).

            Accordingly, the appeal
is ordered dismissed.

 

                                                                        PER
CURIAM

 

 

Panel consists of Justices
Frost, Seymore and Jamison.

Do Not Publish—Tex. R. App. P.
47.2(b).